VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF MARTINSVILLE

KAREN DELORES TURNER,

                                  Plaintiff,

V.                                         Case No.: CL20000193-00

WAL-MART STORES EAST, LP,

  Serve:      CT Corporation System   (Registered Agent)
                 4701 Cox Road, Suite 285
                 Glen Allen, VA 23060
                 (Henrico County)

And

WALMART, INC.

                                  Defendant.

## COMPLAINT

COMES NOW the plaintiff, by counsel, and for her Complaint in this action, states as follows:

1. At all times relevant to this action, Karen Delores Turner ("Turner"), was a resident of Martinsville, Virginia.

2. At all times relevant to this action, Wal-Mart Stores East, LP ("Wal-Mart"), was a Delaware Limited Partnership with its principal office located in Arkansas and transacting substantial business activity in the City of Martinsville, Virginia.

1


EXHIBIT A

10. Wal-Mart and Walmart knew or should have known that the signed had been knocked over and away from the fingernail polish but failed to clean up the fingernail polish or place a new sign.

11. On or about April 17, 2020, Turner was walking near the pharmacy and the fingernail polish was not visible. Turner, stepped onto the fingernail polish which caused her to fall to the ground injuring her knee, right hand, back and other parts of her body. (hereinafter referred to as "the fall").

12. The fingernail polish on the floor was not easily visible nor obvious and, had been on the floor for several minutes prior to the fall.

13. The floor beneath Turner at the time of the fall was unreasonably dangerous in that it was extremely slick due to the fingernail polish and thus dangerous to walk upon.

14. At all times relevant to this action Wal-Mart and Walmart knew, or in the exercise of reasonable care should have known, that the fingernail polish posed and unreasonable risk of bodily injury to its customers.

## Count I (Negligence)

15. Turner hereby incorporates by reference paragraphs 1- 14 of the Complaint as if fully restated herein.

16. At all times relevant to this action, Wal-Mart and Walmart owed a duty of care to Turner to maintain the Supercenter in a reasonably safe condition for her visit.

3

17. At all times relevant to this action, Wal-Mart and Walmart owed a duty of care to Turner to warn her of any unsafe conditions at the Supercenter, including the fingernail polish and the slippery condition of the floor.

18. Wal-Mart and Walmart were negligent in that they knew or should have known of the unreasonably dangerous condition of the floor at the Supercenter and failed to make the floor reasonably safe for Turner's use and failed to warn Turner of the dangerous condition.

19. As a direct and proximate result of the negligence of Wal-Mart and Walmart, Turner has suffered bodily injuries including great pain and suffering of mind and body and has also incurred medical expenses and lost wages.

## Demand for Trial by Jury

20. Turner hereby demands a trial by jury on all issues in this action.

## Relief Sought

WHEREFORE, Turner moves this Honorable Court to enter judgment in her favor against the defendants, jointly and severally, in the amount of $495,000.00, to award her pre-judgment and post judgment interest and to award her costs expended in this action.

**KAREN DELORES TURNER**

_____
Of Counsel

W. Barry Montgomery, Esq.     (VSB# 43042)
KPM Law
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
Tel:      (804) 320-6300
Fax:     (804) 320-6312
Email:   barry.montgomery@kpmlaw.com
Counsel for Plaintiff

```
          VALIDATE CASE PAPERS
RCPT : 20000002231
DATE : 06/16/2020 TIME: 11:29
CASE : 690CL20000193-00
ACCT : TURNER, KAREN DELORES
AMT. : $306.00
```

 **CT Corporation**

**Service of Process Transmittal**
06/24/2020
CT Log Number 537837259

TO: KIM LUNDY SERVICE OF PROCESS
WALMART INC.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Virginia**

FOR: Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Turner Karen Delores, Pltf. vs. Wal-Mart Stores East, LP and Walmart, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 690CL2000019300 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/24/2020 at 08:40 |
| **JURISDICTION SERVED:** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/24/2020, Expected Purge Date: 06/29/2020<br><br>Image SOP<br><br>Email Notification, KIM LUNDY SERVICE OF PROCESS ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / HP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF VIRGINIA



MARTINSVILLE CIRCUIT COURT
Civil Division
55 W. CHURCH ST., BOX 1206
MARTINSVILLE VA
(276) 403-5106

Summons

To: WAL-MART STORES EAST LP
CT CORPORATION SYSTEM,
REGISTERED AGENT
4701 COX ROAD, STE 285
GLEN ALLEN VA 23060

Case No. 690CL20000193-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, June 16, 2020

Clerk of Court: ASHBY R. PRITCHETT

by _____Jennifer C. Aplin_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: MONTGOMERY, W BARRY
KPM LAW
901 MOOREFIELD PARK DR, STE 200
RICHMOND VA 23236

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF MARTINSVILLE

| | |
|---|---|
| KAREN DELORES TURNER,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | Case No.: CL20-193 |
| ) | |
| WAL-MART STORES EAST, LP,            ) | |
| and            ) | |
| WALMART, INC.,            ) | |
| ) | |
| Defendants.            ) | |

## RESPONSIVE PLEADING

### MOTION TO TRANSFER VENUE

COME NOW the defendants, Wal-Mart Stores East, LP, and Walmart, Inc. (collectively referred to herein as "Wal-Mart"), by counsel, and, pursuant to §§ 8.01-264 and 8.01-265 of the *Code of Virginia*, 1950, as amended, file this Motion to Transfer Venue and, in support of their Motion, state as follows:

1. The plaintiff alleges that she sustained personal injuries in an incident that occurred in Henry County, Virginia. (Plaintiff's Complaint at ¶¶ 4, 6, 7, 11 and 19).

2. As such, the plaintiff's cause of action arose in Henry County, Virginia, where the incident at issue occurred.

3. Venue is proper in the Circuit Court for Henry County, Virginia.

WHEREFORE, the defendants, by counsel, respectfully move this Court for the entry of an Order transferring venue of this case to the Circuit Court for Henry County, Virginia.

### ANSWER

COME NOW the defendants, Wal-Mart Stores East, LP, and Walmart, Inc. (collectively referred to herein as "Wal-Mart"), by counsel, and, without waiving their Motion to Transfer Venue

set forth above, file this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, state as follows:

1. Upon information and belief, Wal-Mart admits the allegations stated in paragraph 1 of the plaintiff's Complaint.

2. With regard to paragraph 2, it is admitted that Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal place of business in Arkansas. It is further admitted that Wal-Mart Stores East, LP, conducts business in Henry County, Virginia.

3. With regard to paragraph 3, it is admitted that Walmart, Inc., is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart denies the remainder of paragraph 3.

4. Wal-Mart denies paragraph 4, as stated. It is admitted, however, that, at all times relevant hereto, the Walmart store at issue was operated by Wal-Mart Stores East, LP.

5. Wal-Mart denies paragraph 5, as stated. It is admitted, however, that, at all times relevant hereto, the Walmart store at issue was operated by Wal-Mart Stores East, LP.

6. With regard to paragraph 6, Wal-Mart admits that the plaintiff was on or near the premises of the Walmart store located in Henry County, Virginia, on or about the date at issue.

7. With regard to paragraph 7, it is admitted that, on or about the date at issue, there was, what appeared to be, fingernail polish on the floor of the Walmart store at or near the Pharmacy area. Wal-Mart denies the remainder of the allegations stated in paragraph 7.

8. Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 8 and, therefore, denies the same.

9. Wal-Mart denies the allegations stated in paragraph 9.

10. Wal-Mart denies the allegations stated in paragraph 10.

11. Wal-Mart denies the allegations stated in paragraph 11.

12. Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 12 and, therefore, denies the same.

13. Wal-Mart denies the allegations stated in paragraph 13.

14. Wal-Mart denies the allegations stated in paragraph 14.

### Count I (Negligence)

15. With regard to paragraph 15, Wal-Mart incorporates its responses to paragraphs 1-14 of the plaintiff's Complaint.

16. Paragraph 16 states legal conclusions that need not be admitted or denied. To the extent that paragraph 16 states any factual allegations against Wal-Mart, all such allegations are denied.

17. Paragraph 17 states legal conclusions that need not be admitted or denied. To the extent that paragraph 17 states any factual allegations against Wal-Mart, all such allegations are denied.

18. Wal-Mart denies the allegations stated in paragraph 18.

19. Wal-Mart denies the allegations stated in paragraph 19.

20. Paragraph 20 is a jury demand that need not be admitted or denied. To the extent that paragraph 20 states any factual allegations against Wal-Mart, all such allegations are denied.

21. All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

### Affirmative and Separate Defenses

Wal-Mart states the following as its affirmative and separate defenses:

1. Wal-Mart denies that the plaintiff's incident occurred as described in her Complaint.

2. Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3. Wal-Mart denies breaching any legal duty owed to the plaintiff.

4. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8. Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9. Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10. Wal-Mart demands a trial by jury.

WAL-MART STORES EAST, LP, and
WALMART, INC.

By: _____
        Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of July, 2020, a copy of the foregoing Responsive Pleading was sent by first-class mail to the following:

W. Barry Montgomery, Esq. (VSB No. 43042)
KPM Law
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Telephone: (804) 320-6300
Facsimile: (804) 320-6312
barry.montgomery@kpmlaw.com

*Counsel for Plaintiff*

By: _____
        Of Counsel

5